Filed 6/30/23 P. v. Winters CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br><br>PAUL WINTERS,<br><br>    Defendant and Appellant. | A165701<br><br>San Francisco City & County Superior Court No. 21009020) |

Pursuant to an agreement resolving both this criminal case and a petition to revoke his parole, defendant Paul Winters entered a guilty plea to one felony count of domestic violence (Pen. Code, § 273.5, subds. (a), (b)) and admitted one allegation of the parole petition relating to his access to a firearm. On the domestic violence conviction, imposition of sentence was suspended and defendant was placed on probation with a condition that he serve 180 days in custody concurrently with the 180 days he was ordered to serve on his parole violation.

Approximately five months after being sentenced, defendant sought to withdraw his guilty plea to the domestic violence charge. After two hearings on the motion , and after

1

permitting defendant's counsel to file supplemental papers relating to the effects of the medication defendant was taking, the trial court denied defendant's motion, finding that defendant had failed to establish the requisite good cause to withdraw his plea by the applicable standard of clear and convincing evidence.

Defendant's counsel has filed an opening brief asking that we conduct an independent review of the record for arguable issues—i.e., those that are not frivolous, as required by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel also informed defendant of his right to file a supplemental brief on his own behalf, but defendant did not do so.

Finding no arguable issues, we shall affirm.

## BACKGROUND

Pursuant to a "global disposition" resolving both this criminal case and a petition to revoke his parole from an earlier conviction, defendant entered a guilty plea to one felony count of domestic violence and admitted one firearm-related allegation of the pending parole petition. During the hearing at which defendant entered his guilty plea and admitted violating the firearm-related condition of his parole, the court asked defendant, "Before coming to court today, did you consume anything that could impact your ability to think clearly?" Defendant answered, "No, your Honor." The court then asked, "So your mind is clear and you know what you're doing?" and defendant confirmed, "Yes, your Honor." Before entering his guilty plea, defendant was advised that the exposure on the felony domestic violence charge was two, three, or four years of

2

incarceration.

Defendant was sentenced pursuant to the terms of the global disposition.

Several months later, represented by new counsel, defendant filed a motion to withdraw his guilty plea, claiming that he had established good cause to do so because (1) the medication he was taking in custody affected his ability to think clearly; (2) he was under the mistaken impression that he had to plead guilty to resolve the parole petition; and (3) his prior counsel had told him he could be facing a life sentence under the Three Strikes Law.

In denying the motion, the trial court explained that it had been involved in the proceedings relating to the parole revocation petition, the change of plea, and the sentencing. It further noted—consistent with the recollection of the prosecutor and the transcripts—that defendant had been engaged and responsive throughout the proceedings, and had shown no confusion, misunderstanding, or hesitation when he entered his plea and admission to resolve both the felony case and the parole revocation petition on favorable terms. The court remarked that defendant had been "very clear" and had given "crisp responses" during the colloquy for his guilty plea and parole violation admission, and had been similarly "clear-minded" during the subsequent sentencing on the felony domestic violence conviction. In addition, the court noted that during the plea colloquy, defendant had been told that the exposure on his felony case was two, three, or four years—with "no mention of a third strike"—

and that the ultimate global disposition was for "substantially less than his exposure as set forth in the [plea] admonition." Finally, the court noted that even though it had given counsel time to file a supplemental pleading providing additional information as to the effects of the medication on defendant, counsel's declaration, summary of medical records, and printout of the medication's side effects from drugs.com failed to establish the medication's actual (as opposed to potential) effects on defendant.

Pursuant to *Wende*, we have conducted an independent review of the record to determine whether there are any arguable issues that merit discussion. We find none. The defendant was properly advised when he entered his guilty plea, the sentence was legally valid, and the court did not abuse its discretion in denying defendant's motion to withdraw his plea. (*People v. Ramirez* (2006) 141 Cal.App.4th 1501, 1506 [denial of motion to withdraw plea reviewed for abuse of discretion]; *People v. Breslin* (2012) 205 Cal.App.4th 1409, 1415–1416 [defendant seeking to withdraw plea must establish asserted basis for withdrawal plea by clear and convincing evidence].)

## DISPOSITION

The judgment is affirmed.

BROWN, P. J.

WE CONCUR:

STREETER, J.

GOLDMAN, J.                    *People v. Winters* (A165701)